IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VERNON KING | § | |
| v. | § | CIVIL ACTION NO. 9:07cv4 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Vernon King, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

King complains that he received disciplinary cases which were falsified and which were based on "harassment and retaliation." He said that his administrative remedies were still pending. In his petition, King says that he is eligible for release on mandatory supervision, but acknowledges that he is serving a life sentence, which renders him ineligible for release on mandatory supervision under Texas law. Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002).

On February 7, 2007, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge noted that King had not exhausted his administrative remedies, but stated that the petition suffered from a more serious flaw - King failed to show that he was deprived of a constitutionally protected liberty interest under Sandin v. Conner, 115 S.Ct. 2291, 22301 (1995) and Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Consequently, the Magistrate Judge said, King's petition should be dismissed. The Magistrate Judge also recommended that a certificate of appealability be denied *sua sponte*.

1

King filed objections to the Magistrate Judge's Report on February 22, 2007. These objections complain that he did not consent to allowing the Magistrate Judge to rule on his petition, that the conditions of confinement are deplorable, that he is suffering harassment and retaliation, and that his petition should not be dismissed because of exhaustion. With regard to the issue of a liberty interest, King argues that he has a liberty interest in not having false charges lodged against him and false statements made in disciplinary proceedings.

King's objections are without merit. The Magistrate Judge simply issued a Report recommending dismissal, and so no consent was required. 28 U.S.C. §636(b). The conditions of confinement are not a proper subject for a habeas corpus proceeding, nor can King obtain the monetary damages which he requests in his objections through habeas corpus. Cook v. Hanberry, 596 F.2d 658, 660 n.1 (5th Cir. 1979); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983). Although King says that he has a "liberty interest" in not being subjected to false charges, Sandin makes clear that whether or not a relevant liberty interest exists relies on the nature of the deprivation. Sandin, 115 S.Ct. at 2300 and n.5. In this case, King has not shown that the deprivations imposed upon him (i.e. the punishment as a result of the disciplinary hearings complained of) infringed upon any constitutionally protected liberty interests. King's argument that he has a "liberty interest" in not being subjected to false charges would, if accepted, effectively nullify Sandin, because inmates could claim the violation of a protected liberty interest merely by asserting that the charges were false.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Vernon King is denied a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the 5 day of **March, 2007.**

_____
Thad Heartfield
United States District Judge